UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| Marion Andrew Humphrey, Jr.,<br><br>    Plaintiff,<br><br>v.<br><br>Steven Payton, acting in his individual capacity as an Arkansas State Police trooper,<br><br>    Defendant. | Case No. 4:21-CV-00194 LPR<br><br>**STIPULATED AND AGREED PROTECTIVE ORDER** |

1. Disclosure and discovery in this matter will involve production of private medical information for which special protection from public disclosure and from use for any other purpose than this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated and Agreed Protective Order.

2. This Stipulated and Agreed Protective Order shall govern the use of and disclosure of discovery materials that are created or produced in connection with the above-captioned action and deemed to be confidential in nature.

3. Confidential Information, as defined in paragraph 5 below, shall be used only for the purpose of this litigation and for no other purpose, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons.

4. Qualified Persons include counsel of record in this action, secretaries, para-professional assistants, experts, and other employees of counsel who are actively

92775429.1

engaged in assisting counsel with this action, court personnel, witnesses at trial or deposition, and the jury.

5. Confidential Information includes, without limitation:

    a. Documents containing sensitive and/or confidential personal information, such as social security numbers, contact information, and medical information.

    b. Any information produced by a party and declared by the party at the time of production to be Confidential Information.

6. Confidential materials shall be treated as follows:

    a. Materials designated confidential should be stamped confidential.

    b. A party may oppose a confidentiality designation in writing within ten (10) days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue and may move to remove the confidentiality designation if negotiations fail.

    c. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing under seal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the

>   exhibits or other materials that have been omitted in their entirety from the filing due to filing seal.

7. This Agreement shall continue to be binding through and after the conclusion of this litigation, including all appeals. The agreement shall survive the conclusion of the litigation as a contract between the parties. No later than (3) three years after the conclusion of this litigation, Qualified Persons shall destroy all documents containing Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information in whole or in part. All Qualified Persons are barred from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

8. Documents that are entirely confidential must be filed with the Clerk of this Court under seal. But to the greatest extent possible, documents containing confidential information shall be filed in a redacted form pursuant to Fed. R. Civ. P. 5.2 so that those portions of the documents containing confidential information will not be visible to the public.

9. Notwithstanding anything to the contrary in this Agreement: (1) the Court and court staff may view and retain any and all confidential information; and (2) this protective order does not control the introduction and use of confidential information at trial, and does not of its own force require the sealing of the courtroom or the trial transcript when such information is introduced.

10. This Agreement contains the full, entire, final, and exclusive agreement, understanding and stipulation between Plaintiff and Defendant.

IT IS SO ORDERED on this 26th day of April, 2022.

                                                               _____
                                                               The Honorable Judge Lee P. Rudofsky
                                                               United States District Judge

92775429.1

APPROVED AS TO FORM:

Vincent P. France, #2010063
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-2007
vincent.france@arkansasag.gov
*Attorneys for Defendant*

AND

Conner Eldridge, #2003155
Emily Neal, #2003087
Eldridge Brooks, PLLC
5110 West JB Hunt Dr., Suite 840
Rogers, AR 72758
(479) 553-7678
conner@eldridgebrooks.com
emily@eldridgebrooks.com

Robert Bennett (*pro hac vice*), MN #0006713
Andrew J. Noel (*pro hac vice*), MN 0032218
Marc E. Betinsky (*pro hac vice*), MN 0388414
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
rbennett@robinskaplan.com
anoel@robinskaplan.com
mbetinsky@robinskaplan.com
*Attorneys for Plaintiff*

92775429.1