**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARION A. HUMPHREY, JR.**                                              **PLAINTIFF**


**v.**                              **CASE NO. 4:21-CV-194-LPR**


**STEVEN PAYTON**                                              **DEFENDANT**

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE**
**THE TESTIMONY OF PLAINTIFF'S EXPERT SHAUN SANTOS**

**INTRODUCTION**

Mr. Humphrey filed this lawsuit pursuant to 42 U.S.C. § 1983 against Trooper Payton in his individual capacity alleging that Trooper Payton violated his rights under the Fourth and Fourteenth Amendments during a traffic stop that occurred on August 20, 2020. *See* Doc. No. 1. Mr. Humphrey has employed Shaun Santos ("Santos") as an expert witness in this case. Defendant has not employed nor identified any expert.

As this brief will show, pursuant to the Federal Rules of Evidence, Santos's testimony should be excluded because it is not relevant to the issues in this case and it is not admissible in evidence. Specifically, Santos's opinion as to the reasonableness of Trooper Payton's actions is a legal conclusion which is not admissible. Additionally, Santos's opinion regarding the credibility and evaluation of testimony and evidence is also inadmissible. The opinion offered by Mr. Santos is voluminous consisting of over 126 pages that include 343 paragraphs. The opinion of Santos is more of a detailed legal brief of Trooper Payton's conduct rather than an aide to the jury; therefore, it should be deemed inadmissible. Accordingly, Trooper Payton respectfully requests that the opinion and testimony of Santos be excluded.

## ARGUMENT

Fed. R. Evid. 702 and 703 govern the admissibility of expert opinion evidence, and place on the trial court specific obligations to "screen such evidence" when proffered. In *Daubert v. Merrill Dow Pharmaceuticals*, the Supreme Court held that "[U]nder [these] Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). One factor which the Eighth Circuit Court of Appeals has addressed in the context of a *Daubert* analysis is "whether the expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Concord Boat Corp. v. Brunswick Corp.*, 207 F. 3d 1039, 1055 (8th Cir. 2000) (cleaned up).

A witness who is qualified as an expert may give opinion testimony if (1) the expert's specialized knowledge will help a fact-finder understand the evidence, (2) there is sufficient factual basis for the testimony, (3) the expert's principles and methods are reliable, and (4) the expert's principles and methods are reasonably applied to the case at hand. Fed. R. Evid. 702. Courts play a gatekeeping role in ensuring that expert testimony "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

In determining whether to exclude expert scientific testimony, "the trial judge must [consider] ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact at issue." *Daubert*, 509 U.S. at 592. Expert testimony is admitted when "the expert's methodology is reliable and can be reasonably applied to the facts of the case." *Eckelkamp v. Beste*, 315 F.3d 869, 868 (8th Cir. 2002). The party calling the expert must show, by a preponderance of the evidence, that the expert's

opinion is reliable. *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 915 (8th Cir. 2017); *Thomas v. Borg-Warner Morse TEC LLC*, No. 4:17-CV-00522 BSM, 2018 WL 6528412, at *1 (E.D. Ark. Dec. 11, 2018).

The *Daubert* factors should be considered "where they are reasonable measures of the reliability of expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176, 143 L. Ed. 2d 238 (1999). The court's "gatekeeping obligation" applies to "all expert testimony" including non-scientific, technical, or "other specialized" knowledge. *Kumho Tire Co.*, 526 U.S. at 147. "Because '[e]xpert evidence can be both powerful and quite misleading,' a trial court must take special care to weigh the risk of unfair prejudice against the probative value of the evidence under Fed. R. Evid. 403." *Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875, 884 (8th Cir. 1998) (quoting *Daubert*, 509 U.S. at 595, 113 S.Ct. 2786 (internal quotations omitted)). The proponent of the testimony has the burden to show by a preponderance of the evidence that the testimony is admissible under Fed. R. Evid. 702. *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001).

1. **The Testimony of Santos Is Primarily Legal Conclusions; Therefore, It Is Not Admissible.**

This Court should exclude the testimony of Santos, because it is primarily filled with legal conclusions that do not help the jury. Fed. R. Evid. 702 requires that expert testimony be admitted only if it aids the jury in resolving a "fact in issue." Consequently, "[t]he jury does not resolve legal issues, and as such, 'expert testimony on legal matters is not admissible.'" *St. Jude Med., S.C., Inc. v. Biosense Webster, Inc.*, 994 F. Supp. 2d 1033, 1055 (D. Minn. 2014) (excluding expert's legal opinion) (quoting *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)).

Under the Fourth Amendment, "the reasonableness of the officer's conduct under the circumstances is a question of law." *McKenney v. Harrison*, 635 F.3d 354, 359 (8th Cir. 2011) (quoting *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007)). Thus, regarding the use of expert testimony regarding the reasonableness of a law enforcement officer's actions under the Fourth Amendment is a legal conclusion and is not admissible. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009) (citing *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995)).

In *Peterson*, the issue to be tried was whether the officer had probable cause or at least whether it was reasonable for the officer to believe that he had probable cause. 60 F.3d at 475. One of the issues before the Eighth Circuit in *Peterson* was the admissibility of a police expert. *Id*. The Court began by noting that the role of jury is to settle disputes as to the predicate facts, meaning that "the jury was entitled to determine what facts were known to the officer at the time of the arrest." *Id*. Thus, the Court concluded that the expert testimony as to the reasonableness of the officer's conduct was a legal conclusion, which can only be determined by the court. *Id*. Accordingly, the Eighth Circuit found that the district court abused its discretion by allowing the expert testimony. *Id*. More recently, the Eighth Circuit followed *Peterson* and adopted its same reasoning, when it upheld a district court's decision finding that the testimony of a police expert, consisting of whether the police officer's actions were reasonable to be inadmissible. *Schmidt*, 557 F.3d at 570. Again, the Court found that the expert's opinion were impermissible legal conclusions. *Id.; see also Lombardo v. Saint Louis County*, 2019 WL 414773 at *8 (E.D. Mo. Feb. 1, 2019)(string cites of cases finding that the testimony of a law enforcement officer to be inadmissible legal conclusions).

To begin, Santos's report is filled with case citations including fourteen pages of pure law and legal conclusions. Exhibit A, Santos's Depo., exhibit 2 Santos's report, p. 12-26 (hereinafter

"Santos's Report"). Even throughout the "Analysis" section of the report, there are numerous paragraphs that are simply legal statements and conclusions. For instance, in Paragraph 124 of the report, it states the following:

> When an officer is only able to cite to one or two facts, one of which is a generic claim of nervousness, as supporting a determination of reasonable suspicion, that claim of suspicion is not reasonable. U.S. v. Jones, 269 F.3d 919 (8th Cir. 2001); U.S. v. Lebrun, 261 F.3d 731 (8th Cir. 2001) – specifically noting that an officer never has a sufficient basis to order a seizure under Terry if he/she is acting on inchoate and unparticularized suspicion or a hunch. *See* Report, p. 47

Other such examples can be found in Paragraphs 240 and 242. *See* Report, p. 89-90. These are mere examples and is not an exhaustive list of examples.

Additionally, in his deposition, Mr. Santos admits that some of his opinions are legal opinions. Exhibit A, Santos's Depo. 55:2-10.  Moreover, Santos makes other legal conclusions regarding Trooper Payton that are inadmissible under *Peterson* and *Schmidt*. For example, in Paragraph 284, it states "Mr. Humphrey was further detained absent any additional reasonable suspicion in order to expose his vehicle to a K-9 sniff (approximately 00:28:00)." Report, p. 108. Likewise, in Paragraph 290, Santos opines that "Trooper Payton unreasonably prolonged the motor vehicle stop beyond a reasonable period to accomplish tasks related to the motor vehicle query in order to expose Mr. Humphrey's U-Haul to a K-9 sniff." Report, p.  110. These statements are simply illustrations and examples of the opinions issued by Mr. Santos. A final example is found in Paragraph 305, in which Santos opines that "since Trooper Payton did not possess sufficient facts or inferences consistent with reasonable suspicion to support an investigative detention, that those same generalized factors were similarly insufficient to support probable cause, which require a greater showing of suspicion, to believe that Mr. Humphrey was committing a crime." Report, p. 115.  These opinions are legal conclusions as to the reasonableness of Trooper Payton's actions,

which are not admissible. *See Peterson*, 60 F.3d at 475. Accordingly, the report and testimony of Santos should be excluded by this Court.

**2.   This Court Should Exclude Santos's Report and Testimony Because His Opinions Are Credibility and Evaluation Determinations of the Testimony and of the Evidence.**

This Court should also exclude the testimony and report of Santos because they contain credibility determinations and makes evaluations of the evidence, which are solely the responsibility of the jury. An expert witness may not opine on a witness's credibility. *Engesser v. Dooley*, 457 F.3d 731, 736 (8th Cir. 2006). Courts in the Eighth Circuit therefore prohibit experts from commenting on the veracity of another witness's testimony. *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) (prohibiting testimony where expert claimed she needed "to interpret and weigh" witness's testimony or else "get a very skewed and inaccurate view of what actually happened"); *U.S. v. Whitted*, 11 F.3d 782, 786 (8th Cir. 1993) (prohibiting doctor from opining on findings which required accepting a witness's statements as true because this testimony would permit the doctor to judge the witness's truthfulness); *Hale Cty. A & M Trans., LLC v. City of Kansas City*, 998 F. Supp. 2d 838, 846 (W.D. Mo. 2014) (excluding expert testimony on whether an expert found a witness's story useful to analysis).

In *Lee v. Andersen*, a Fourth Amendment case in which the incident was captured on video, the Eighth Circuit held that an "[expert's] opinion that [the subject] did not have a gun in his hand was properly excluded under Rule 702. The opinion would ***not have assisted the jury*** but rather would have ***told it what result to reach***." 616 F.3d 803, 809 (8th Cir. 2010) (emphases added). The Court ruled that expert opinions that tell the jury how to decide a case are not admissible. *Id*. The Court further explained that "[a]lthough [the expert] testified that his experience and training allow him to look at an image more critically than a lay person, the jury was entirely capable of analyzing the images and determining whether [the suspect] had anything in his hands." *Id*. As one

court explained "an expert testifying that a disputed fact actually occurred or that one witness is more credible than another…is manifestly improper." *Thomas v. Barze*, 57 F.Supp.3d 1040, 1059 (D. Minn. 2014).

In addition to containing legal conclusions, this Court should also exclude any testimony and documentary evidence of Santos because he makes credibility determinations and/or attempts to tell the jury what result to reach regarding the predicated facts. *See Lee*, 616 F.3d at 809. Santos makes general determinations of the facts and credibility of individuals and also makes specific factual and credibility determinations.

Regarding the general determinations in his deposition, Santos testified that a dashboard camera does not capture every detail of a traffic stop and "it's limited in view to what it can encompass…Yes, it is limited to what the camera can view, and it's a two-dimensional depiction of a 3D evolving event." Exhibit A, Santos's Depo., 40:11-18. Additionally, Santos testified that a dashboard camera would not have the same perspective as the officer on scene. Exhibit A, Santos's Depo., 40:19-24. Accordingly, Santos makes judgment calls and evaluates the video and compares it to the statements of Trooper Payton, which is "manifestly improper." *Thomas*, 57 F.Supp.3d at 1059.

Additionally, Santos's report is full of specific determinations with only a few examples provided here. In the last sentence in Paragraph 144, Santos writes "it is far from clear that any motor vehicle violations occurred." *See* Report, p. 54. By claiming that "it is far from clear," Santos is evaluating the evidence. In Paragraph 178, after stating what Santos believes to be the important evidence, he then states that such evidence "is consistent with indicating to a motorist that he/she is not free to leave." *See* Report, p. 68. Thus, Santos is telling the jury what decision it should reach, which is inadmissible. *See Lee*, 616 F.3d at 809.

An example of Santos making an inadmissible credibility determination is in Paragraph 193, when Santos declares that Mr. Humphrey "furnished a ***reasonable explanation*** for missing an exit." *See* Report, p. 75 (emphasis added). In Paragraph 245, Santos gives more credence to Mr. Humphrey's statements of his travel plans over Trooper Payton's statements regarding the confusion of Mr. Humphrey's travel plans. *See* Report, p. 91. As an expert witness, Santos cannot opine on a witness's credibility. *See Engesser*, 457 F.3d at 736.

Santos makes an inadmissible evidentiary determination when he states in Paragraph 268 that "Trooper Payton was in possession of the requisite license and vehicle documents within minutes of the initial motor vehicle stop." Report, p. 101. This opinion also lacks sufficient reliability, because an officer simply having the documents does not equate to the officer being in possession of sufficient information to conclude the traffic stop. *See Daubert*, 509 U.S. at 589. Lastly, in Paragraph 249, Santos opines that Trooper Payton "did not unearth any information or observations" that would have given Trooper Payton reasonable suspicion. Report, p. 93. Not only is Santos making credibility determinations and evaluating the evidence, but also he is usurping the role of the jury to settle disputes as to the predicated facts; therefore, the testimony and report of Santos are inadmissible and must be excluded. *See Peterson*, 60 F.3d at 475.

In summary, Santos's report and testimony is inadmissible because his opinion contains statements as to what disputed facts occurred and evaluates the credibility of the parties. *See Thomas*, 57 F.Supp.3d at 1059. Accordingly, Trooper Payton respectfully requests that the report and testimony of Santos should be excluded from consideration by this Court.

**CONCLUSION**

Defendant Payton respectfully requests that his motion be granted in its entirety, and the Court enters an order prohibiting Plaintiff, Mr. Humphrey, from offering testimony or documentary evidence from his expert witness, Shaun Santos.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: Vincent P. France,
Ark Bar No. 2010063
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-1314
Vincent.France@ArkansasAG.gov
*Attorneys for Defendant Steven Payton*