**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**MARION A. HUMPHREY, JR.**                                              **PLAINTIFF**

**v.**                              **CASE NO. 4:21-CV-194-LPR**

**STEVEN PAYTON**                                              **DEFENDANT**

### DEFENDANT PAYTON'S REPLY TO PLAINTIFF'S RESPONSE TO HIS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant Trooper Steven Payton, by and through his attorneys Attorney General Leslie Rutledge, and Assistant Attorney General Vincent P. France, for his Reply to Plaintiff's Response to his Motion for Summary Judgment states:

### I.   INTRODUCTION

As shown in Defendant Trooper Payton's brief in support of his motion for summary judgment (Doc. No. 29) and reaffirmed by the arguments below, Trooper Payton is entitled to summary judgment as a matter of law. In addition, Trooper Payton reaffirms his statement of undisputed material facts. Doc. No. 30.  As will be shown below, Mr. Humphrey has failed to present sufficient evidentiary proof that a genuine issue of material fact that is outcome determinative exists. *See Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 911 (8th Cir. 2005). Accordingly, Trooper Payton is entitled to summary judgment as a matter of law.

### II.   ARGUMENT

A court cannot deny summary judgment by simply finding that a genuine issue of fact exists; rather, those facts also must be material. *Watson v. Boyd*, 2 F.4th 1106, 1110 (8th Cir. 2021). Determining whether a fact is material is a legal question. *Id*. at 1109. Material facts are "facts that

1

might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

Recently, the Eighth Circuit clarified when a court should consider whether an officer had probable cause and when it should consider whether the officer had "arguable probable cause" for the purposes of determining qualified immunity. *Brown v. City of St. Louis, Mo.*, --F.4th--, 2022 WL 2963468, at 4 (8th Cir. July, 27, 2022). The Eighth Circuit explained that whether an officer has probable cause is considered under the first prong of qualified immunity regarding whether a constitutional violation occurred. *Id.* Furthermore, the issue of whether an officer had "arguable probable cause" is to be considered under the second prong of whether the law was clearly established. *Id.* The issue of whether an officer has probable cause or at least arguable probable cause is a legal question that is not defeated at summary judgment by a factual dispute. *Just v. City of St. Louis, Mo.*, 7 F.4th 761, 766-67 (8th Cir. 2021).

## A. Trooper Payton Is Entitled to Qualified Immunity Because He Had at Least "Arguable Probable Cause."

Defendant Trooper Payton is entitled to qualified immunity under the second prong of qualified immunity because he had at least "arguable probable cause." Under the Fourth Amendment, an officer is entitled to qualified immunity if he or she has at least arguable probable cause. *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1059 (8th Cir. 2013). "[E]ven if an officer arrests an individual without *actual* probable cause—in violation of the Constitution—he has not violated that individual's 'clearly established' rights for qualified immunity purposes if he nevertheless had *arguable* probable cause to make the arrest.'" *Brown v. City of St. Louis, Mo.*, --F.4th--, 2022 WL 2963468, at 4 (8th Cir. July, 27, 2022) (quoting *Toole v. City of Atlanta*, 798 F.Appx. 381, 385 (11th Cir. 2019) (per curiam)) (emphasis in original).

"Arguable probable cause exists if [the] arrest 'was based on an objectively reasonable—even if mistaken—belief that the arrest was based in *probable cause*.'" *Thurairajah v. City of Fort Smith, Arkansas*, 925 F.3d 979 (8th Cir. 2019) (quoting *Ulrich*, 715 F.3d at 1059). The Eighth Circuit has stated that it "afford[s] officers substantial latitude in interpreting and drawing inferences from factual circumstances, and even where the officers act on a mistaken belief that probable cause exists, if that mistake is 'objectively reasonable,' arguable probable cause exists and the officers are entitled to qualified immunity." *Just v. City of St. Louis, Mo.*, 7 F.4th 761, 767 (8th Cir. 2021) (cleaned up). Arguable probable cause exists if it is "arguable" or "debatable" that probable cause exits.  *Bell v. Neukirch*, 979 F.3d 594, 608 (8th Cir. 2020). "Police officers need not 'always be correct,' but they must 'always be reasonable.'" *Id.* at 603 (quoting *Illinois v. Rodriguez*, 497 U.S. 177, 185, 110 S.Ct. 2793 (1990)); *District of Columbia v. Wesby*, 138 S.Ct. 577, 591 (2018) ("even assuming the officers lacked actual probable cause to arrest the partygoers, the officers are entitled to qualified immunity because they reasonably but mistakenly concluded that probable cause was present"). The same applies to an officer who mistakenly believes that he or she has reasonable suspicion so long as the mistake is objectively reasonable. *Williams v. Decker*, 767 F.3d 734, 740 (8th Cir. 2014).

"The existence of probable cause depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer *at the time of the arrest*." *Brown v. City of St. Louis, Mo.*, --F.4th--, 2022 WL 2963468, at 3 (8th Cir. July, 27, 2022) (quoting *Bell*, 979 F.3d at 603) (emphasis supplied by Court). Courts are to consider an officer's training and experience in determining whether an officer acted "objectively reasonable." *New v. Denver*, 787 F.3d 895, 901 (8th Cir. 2015); *see also Flora v. Southwest Iowa Narcotics Enforcement Task Force*, 292 F.Supp.3d 875, 888 (S.D. Iowa 2018). Given that the standard is "objectively reasonable," any

ulterior motive of the officer is irrelevant. *Hosea v. City of St. Paul*, 867 F.3d 949, 955 (8th Cir. 2017); *see also Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003). Likewise, the officer's reasonableness is not diminished simply because no charges were filed. *Just*, 7 F.4th at 768.

As a contextual example, the Eighth Circuit found that "qualified immunity does not depend on whether Boude was *in fact* attempting to flee when she reached for the gearshift; rather, the key is Heady's *objectively reasonable beliefs* under the circumstances." *Boude, v. City of Raymore, Mo.*, 855 F.3d 930, 933 (8th Cir. 2017) (emphasis in original). Likewise, in *Steed v. Mo. State Highway Patrol*, the Eighth Circuit explained that even an officer who misinterpreted a speed reading would still have arguable probable cause to believe that the vehicle was speeding and entitled to qualified immunity. 2 F.4th 767, 770 (8th Cir. 2021).

Trooper Payton is entitled to qualified immunity because he had at least arguable probable cause and arguable reasonable suspicion when he stopped and detained Mr. Humphrey. The dashboard video (Doc. No. 28-1) provides conclusive undisputed evidence that Trooper Payton's actions throughout the entire encounter with Mr. Humphrey were objectively reasonable.

Specifically, during the video after speaking with Mr. Humphrey and while he was inside his patrol car, Trooper Payton can be heard saying that Mr. Humphrey still was "super nervous" and that his voice was shaky. *See* Doc. No. 28-1, Dashcam Video 0:06:09; *see also* Doc. No. 30, *Defendant's Statement of Undisputed Material Facts* ¶27. Additionally, Trooper Payton can be heard saying that he found Mr. Humphrey's travel plans to be odd that he would be getting a room with only one hour left in his trip. Doc. No. 28-1, Dashcam Video 0:06:10—0:06:25; *see also* Doc. No. 30, *Defendant's Statement of Undisputed Material Facts* ¶28. These statements by Trooper Payton are admissible under the "present sense impression" exception to the hearsay rule, which allows for "a statement describing or explaining an event or condition, made while or immediately

after the declarant perceived it. Fed. R. Evid. 803(1); *see also U.S. v. Dean*, 823 F.3d 422, 427 (8th Cir. 2016) ("[t]he underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication") (cleaned up). The undisputed evidence shows that Trooper Payton truly believed that Mr. Humphrey was acting extremely nervous and that his travel plans were very odd, which caused Trooper Payton to believe that he had reasonable suspicion to justify extending the traffic stop. Thus, even if this Court finds that Trooper Payton was mistaken in believing that he had reasonable suspicion, his mistaken belief is unquestionably objectively reasonable. *See Williams*, 767 F.3d at 740. Accordingly, Trooper Payton is entitled to qualified immunity. *See Just*, 7 F.4th at 767.

**B. Trooper Payton Did Not Violate Mr. Humphrey's Fourth Amendment Rights by Handcuffing Him.**

In his response, Mr. Humphrey makes the assertion that "Payton violated Humphrey's Fourth Amendment rights by keeping him handcuffed for an unreasonably prolonged period" and then adds that Trooper Payton has not moved for summary judgment on this issue. Doc. No. 37, p. 46-47. Trooper Payton did not address this particular issue in his motion for summary judgment, because Mr. Humphrey's Complaint contains one generalized cause of action. *See* Doc. No. 1, p. 18-19. Thus, Trooper Payton is entitled to summary judgment on this issue as well.

Trooper Payton did not violate Mr. Humphrey's constitutional rights by placing Mr. Humphrey in handcuffs. To begin, "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Johnson v. Crooks*, 326 F.3d 995, 999 (8th Cir. 2003) (quoting *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689 (1979)). An officer has probable cause to search a vehicle based upon a positive alert by a well-trained canine unit. *Florida v. Harris*, 568

5

U.S. 237, 247, 133 S.Ct. 1050 (2013). Once an officer has probable cause, the encounter is no longer a *Terry* stop. *See Irvin v. Richardson*, 20 F.4th 1199, 1206 (8th Cir. 2021). Thus, the standards for evaluating whether an officer can lawfully handcuff an individual after obtaining probable cause is different from the standard for handcuffing during a *Terry* stop. Rather, such situations are more closely analogous to the situations addressed by the Supreme Court in *Muehler v. Mena*, 544 U.S. 93, 125 S.Ct. 1465 (2005) and *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587 (1981). *See Harman v. Pollock*, 586 F.3d 1254 (10th Cir. 2009); *U.S. v. Hernandez*, 418 F.3d 1206 (11th Cir. 2005).

In *Muehler*, the issue was whether an individual's Fourth Amendment rights were violated when officers handcuffed and detained an individual for over two hours during the execution of a search warrant of the individual's property. 544 U.S. at 95, 125 S.Ct. at 1468. The Supreme Court held that the detention in handcuffs during the search was consistent with its decision in *Michigan v. Summers*, *supra*. *Id*. "An officer's authority to detain incident to a search is categorical; it does not depend on the quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure." *Id*. at 98, 125 S.Ct. at 1470. The Supreme Court continued to explain that "[i]nherent in *Summers'* authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention." *Id*. at 98-99, 125 S.Ct. at 1470. In *Summers*, the Supreme Court explained that officers have a legitimate law enforcement interest in preventing the flight of an individual if contraband is found during the search. 452 U.S. at 702, 101 S.Ct. at 2594. Likewise, the Court added that a "search for narcotics is the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence." *Id*. In both *Summers* and *Muehler*, the Supreme Court "stressed that the risk of harm to officers and occupants is minimized if the officers routinely exercise unquestioned command of the situation." *Muehler*,

544 U.S. at 99, 125 S.Ct. at 1470. Accordingly, in *Muehler*, the Supreme Court found that the detention and handcuffing of an individual during a search that lasted over two hours was reasonable and did not violate the individual's Fourth Amendment rights. 544 U.S. at 100, 125 S.Ct. at 1471.

The case-at-hand is analogous to both *Muehler*, *supra*., and *Summer*, *supra*. Trooper Payton did not handcuff Mr. Humphrey until after the canine had positively alerted on the U-Haul. *See* Doc. No. 30, *Defendant's Statement of Undisputed Material Facts* ¶¶ 49-50. Once the canine alerted, Trooper Payton had probable cause to search the U-Haul. *See Harris*, 568 U.S. 237, 247, 133 S.Ct. 1050. Given that Trooper Payton had probable cause to search the U-Haul, he also had authority to handcuff and detain Mr. Humphrey during the search. *See Muehler*, 544 U.S. at 100, 125 S.Ct. at 1471. Accordingly, Trooper Payton did not violate Mr. Humphrey's Fourth Amendment rights by handcuffing him and placing him in the patrol car during the duration of the search of the U-Haul.

Furthermore, Mr. Humphrey's reliance on *Haynes v. Minnehan*[1], and *El-Ghazzawy v. Berthiaume*[2], is misplaced. In those cases, the issue involved the use of handcuffs during a *Terry* stop. Once an officer has probable cause, the incident is no longer a *Terry* stop. *See Irvin v. Richardson*, 20 F.4th 1199, 1206 (8th Cir. 2021). Thus, cases involving handcuffing during a *Terry* stop are not applicable to the case-at-hand.

Lastly, Trooper Payton did not violate Mr. Humphrey's Fourth Amendment rights by him failing to unhandcuff Mr. Humphrey once the search of the U-Haul was concluded. Generally, mere negligence is not sufficient to state a claim under 42 U.S.C. §1983. *Montgomery v. City of*

---

[1] 14 F.4th 830 (8th Cir. 2021).

[2] 636 F.3d 452 (8th Cir. 2011).

*Ames*, 749 F.3d 689, 695 (8th Cir. 2014); *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993). Trooper Payton was at worst negligent when he failed to unhandcuff Mr. Humphrey following the conclusion of the search while he wrote Mr. Humphrey the warning. Such negligence is insufficient for liability under §1983. Thus, Trooper Payton did not violate Mr. Humphrey's constitutional rights by merely failing to unhandcuff Mr. Humphrey. Accordingly, Trooper Payton is entitled to summary judgment as a matter of law.

Furthermore, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986). Qualified immunity also affords protection for reasonable mistaken judgment. *Stanton v. Sims*, 571 U.S. 3, 6, 134 S.Ct. 3, 5 (2013). Based upon the dashcam video (Doc. No. 28-1), Trooper Payton did not knowingly violate the law or act "plainly incompetent" by his failure to unhandcuff Mr. Humphrey following the conclusion of the search of the U-Haul. At a minimum, Trooper Payton is entitled to qualified immunity for his failure to unhandcuff Mr. Humphrey following the end of the search while he wrote Mr. Humphrey a warning. Accordingly, Trooper Payton is entitled to summary judgment as a matter of law.

**C. This Court Should Not Consider Facts Presented by Mr. Humphrey Because Certain Evidence Is Not Admissible.**

In responding to Trooper Payton's motion for summary judgment, Mr. Humphrey presents facts, which include numerous facts that are not material as well as facts and evidence that are inadmissible. "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998) (internal citation and quotations omitted.) The nonmovant cannot defeat a motion for summary judgment by simply showing "some metaphysical doubt as to the material

facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986)). "The nonmoving party must show *by admissible evidence* that specific facts remain which create a genuine issue for trial. *Sallis v. University of Minn.*, 408 F.3d 470, 474 (8th Cir. 2005) (emphasis added). Thus, as the Supreme Court has explained "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2510 (1986).

Rule 56(c) of the Federal Rule of Civil Procedure establishes the procedures for proving that a fact is or is not genuinely in dispute. To support one's position that a fact is or is not in dispute, the party must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (b) [show] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In addition, the evidence used to support a party's position must be admissible. Fed. R. Civ. P. 56(c)(2), 56(c)(4). Specifically, Rule 56(c)(2) provides that a party can object when the material used to support or dispute a fact is not admissible as evidence. The advisory committee notes explain that "the burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c) Advisory Committee's Note to 2010 Amendment; *see also Gannon Intern., Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012). The Eighth Circuit held that "without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion." *Walker v. Wayne County, Iowa*,

9

850 F.2d 433, 435 (8th Cir. 1988) (citing *Pink Supply Corp. v. Hiebert, Inc.,* 788 F.2d 1313, 1319 (8th Cir.1986)). Likewise, "when an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." *Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005).

The consequences for not following the procedures of Rule 56(c) are found in Rule 56(e), which allows a court to take one of the following actions: "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order."

1.   The Testimony of Mr. Humphrey's Expert Is Not Admissible.

Pursuant to Fed. R. Civ. P. 10(c), Trooper Payton adopts and incorporates as if stated verbatim herein, his Motion to Exclude the Testimony of Plaintiff's Expert (Doc. No. 31) and the arguments contained in his brief in support thereof (Doc. No. 32). Beyond those arguments, Trooper Payton provides the two additional reasons why the testimony of Mr. Humphrey's expert is inadmissible. First, this case does not require specialized or scientific knowledge. Second, the expert's testimony is materially improper.

Rule 702 of the Federal Rules of Evidence requires that "scientific, technical, or other specialized knowledge" is needed to help the trier of fact in order for an expert to testify. Fed. R. Evid. 702(a). In this case, Mr. Humphrey's expert should be excluded because no specialized nor technical knowledge is required or necessary. For example, in *Gerstein v. Pugh*, the Supreme Court ruled that "the rule of probable cause is a ***practical, nontechnical*** conception." 420 U.S. 103, 112, 95 S.Ct. 854, 862 (1975) (emphasis added). Recently, regarding the standard for reasonable

10

suspicion, the Supreme Court found that "[t]he standard depends on the factual and practical considerations of everyday life on which *reasonable and prudent men*, not legal technicians, act." *Kansas v. Glover*, 140 S.Ct. 1183, 1188 (2020) (cleaned up) (emphasis provided by Court).

Moreover, expert testimony must be excluded if the subject matter is within the jury's knowledge or experience. *Lee v. Anderson*, 616 F.3d 803, 809 (8th Cir. 2010). Thus, the testimony of Mr. Humphrey's expert fails to satisfy the requirements of Fed. R. Evid. 702(a); therefore, the testimony is inadmissible and cannot be considered by this Court in ruling on Trooper Payton's motion for summary judgment. *See See Sallis*, 408 F.3d at 474.

Secondly, the testimony of Mr. Humphrey's expert should not be considered by this Court because it is materially improper. Expert testimony regarding the reasonableness of a law enforcement officer's actions under the Fourth Amendment is a legal conclusion and is not admissible. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 570 (8th Cir. 2009). Likewise, "[o]pinions that merely tell the jury what result to reach are not admissible." *Lee*, 616 F.3d at 809. The Eighth Circuit then held that "[the expert's] opinion that Fong Lee did not have a gun in his hand was properly excluded under Rule 702. The opinion would not have assisted the jury but rather would have told it what result to reach." *Id*. Additionally, an expert is not allowed to opine on what he believes is the correct version of the facts. *Clay v. Woodbury Co., Iowa.*, 982 F.Supp.2d 904, 917 (N.D. Iowa 2013).

Mr. Humphrey's expert is not admissible as his report and testimony contain numerous statements that are legal statements. *See Schmidt*, 557 F.3d at 570. Additionally, the expert makes conclusions that effectively tell the jury what result to reach as well as what facts should be believed, which are inadmissible. *See Lee*, 616 F.3d at 809; *see also Clay*, 982 F.Supp.2d at 917.

11

Accordingly, Trooper Payton respectfully requests that the report and testimony of Mr. Humphrey's expert should be excluded from consideration by this Court.

    2.   <u>Any Evidence or Testimony Regarding George Floyd Is Not Admissible.</u>

Any testimony and/or evidence regarding the incident involving George Floyd, which occurred in Minneapolis, Minnesota has no bearing on this lawsuit. This type of evidence is inadmissible pursuant to Rule 401-403 of the Federal Rules of Evidence. First, any discussion of George Floyd is not relevant to this case pursuant to Fed. R. Civ. P. 401, because it does not have a "tendency to make a fact more or less probable." Fed. R. Civ. P. 401. Thus, it is irrelevant evidence that is inadmissible under Rule 402 of the Federal Rules of Civil Procedure because it has no bearing on the actions taken by Trooper Payton in how he conducted the traffic stop of Mr. Humphrey on August 20, 2020.

Second, even if the evidence had some type of probative value, it is inadmissible under Rule 403 because its probative value is largely outweighed by the prejudicial effect. Fed. R. Evid. 403. According to Rule 403, relevant evidence must be excluded "if its probative value is substantially outweighed by the danger of …unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. Courts have defined "unfair prejudice" to mean "an undue tendency to suggest decision on an improper basis." *Lipp v. Ginger C, L.L.C.*, 229 F.Supp.3d 1018, 1022 (W.D. Mo. 2017); *accord U.S. Muhlenbrunch*, 634 F.3d 987, 1001 (8th Cir. 2011); *Scott v. Sioux City, Iowa*, 96 F.Supp.3d 876, 883 (N.D. Iowa 2015). Accordingly, an "improper basis" is often a decision based upon emotions. *Lipp*, 229 F.Supp.3d at 1022 (citing Fed. R. Evid. 403, Advisory Committee Notes).

Thus, evidence regarding the tragic death of George Floyd is not admissible in this case, because any probative value—which it has none—is substantially outweighed by it being unfairly

prejudicial and must be excluded in this case pursuant to Fed. R. Evid. 403. Accordingly, this Court cannot consider it for the purposes of summary judgment. *See Sallis*, 408 F.3d at 474.

### III.   <u>CONCLUSION</u>

For the reasons stated above and those states in his motion for summary judgment (Doc. No. 28) and brief in support thereof (Doc. No. 29) Defendant, Trooper Steven Payton, respectfully requests that this Court grants his motion for summary judgment and for all other just and proper relief to which he is entitled.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:    Vincent P. France,
       Ark Bar No. 2010063
       Assistant Attorney General
       Arkansas Attorney General's Office
       323 Center Street, Suite 200
       Little Rock, AR 72201
       Phone:  (501) 682-1314
       Vincent.France@ArkansasAG.gov
       *Attorneys for Defendant Steven Payton*